Margaret **DOWLING** and Vernon Cox, on behalf of themselves and the Medicaid Class and In–Home Supportive Class, Plaintiffs-Appellants,

v.

Gray **DAVIS**, Controller of the State of California; and Thomas W. Hayes, Treasurer of the State of California; Kenneth Kizer, Director of Department of Health Services, State of California; Linda McMahon, Director of Department of Social Services, State of California; and Department of Social Services, State of California, Defendants–Appellees.

Margaret **DOWLING**, et al., Plaintiffs,

and

Service Employees International Union, Local 434, AFL–CIO, et al., Intervenors–Appellants,

v.

Gray **DAVIS**, Controller of the State of California; and Thomas W. Hayes, Treasurer of the State of California; Kenneth Kizer, Director of Department of Health Services, State of California; Linda McMahon, Director of Department of Social Services, State of California; and Department of Social Services, State of California, Defendants–Appellees.

Nos. 92–16393, 92–16439.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 15, 1993.

Decided March 18, 1994.

**446**

Grace A. Galligher, Coalition of California Welfare Rights Organization, Sacramento, CA, Lynn S. Carman, Corte Madera, CA, for plaintiffs-appellants.

Richard G. McCracken, Davis Cowell and Bowe, San Francisco, CA, Craig Becker, University of California at Los Angeles Law School, Los Angeles, CA, for intervenors-appellants.

Larry G. Raskin, Deputy Atty. Gen., Sacramento, CA, for defendants-appellees.

Before: WALLACE, Chief Judge, GARTH,* and WIGGINS, Circuit Judges.

GARTH, Circuit Judge:

▮ The appellants, Margaret Dowling and Vernon Cox, individually and on behalf of two certified subclasses of plaintiffs—recipients and beneficiaries of California's Medicaid program, Medi–Cal (hereinafter "the Dowling Medicaid class"), and recipients and providers of In–Home Support Services (hereinafter "the Dowling IHSS class")—and intervenors Service Employees International Union, Local 434, AFL–CIO (hereinafter "Service Employees"), appeal the judgment of the district court denying their respective motions for summary judgment and granting summary judgment in favor of appellees, Gray Davis, Controller of the State of California, the California Department of Social Services, and various California officials (hereinafter "the State").[2]

---

* Honorable Leonard I. Garth, United States Circuit Judge, Third Circuit Court of Appeals, sitting by designation.

2. Normally, we do not have jurisdiction over orders of the district court which deny summary judgment, as they lack finality. *Roth v. Veteran's*

*Admin. of Gov't of United States,* 856 F.2d 1401, 1404 (9th Cir.1988). Here, however, where the order denying summary judgment is coupled with the grant of summary judgment in favor of the State, it is obvious that the issue disposition is final and vests us with jurisdiction.

The class action seeking declaratory judgment and injunctive relief against the State was initiated by Dowling, a paraplegic, and Cox, a quadriplegic, in July 1990, after the State of California delayed paying Medi–Cal and In–Home Support Services ("IHSS") claims, because of the failure of the California legislature to adopt a timely state budget. Before the legislators adopted a Budget Act in late July 1990, visiting District Court Judge Tanner certified the Medicaid and IHSS subclasses, and granted intervenor status to the Service Employees. The Service Employees had asserted a right of procedural due process on behalf of IHSS recipients and providers. Judge Tanner at that time issued a preliminary injunction requiring the State to pay Medi–Cal provider and IHSS claims during the budget lapse. The parties subsequently filed cross motions for summary judgment on the claims of the Medicaid and IHSS classes.

In granting the State's cross motion for summary judgment, the district court concluded: that the State did not violate the Medicaid Act, 42 U.S.C. § 1396, by deferring payment of Medi–Cal claims during the 1990 California budget impasse; that the statute authorizing federal block grants, 42 U.S.C. § 1397, does not confer upon IHSS recipients a right to uninterrupted benefits during a State budget lapse, and that IHSS recipients have neither a property right nor a right to advance notice when the IHSS program ceases to exist during a budget lapse.

We have jurisdiction under 28 U.S.C. § 1291 to review the July 28, 1992 final order of the district court, and we affirm.

## I.

We review *de novo* the district court's grant of summary judgment in favor of the State. *Jones v. Union Pacific R.R. Co.*, 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir.1992), *cert.*

*granted*, —— U.S. ——, 114 S.Ct. 543, 126 L.Ed.2d 445 (1993).

## II.

California's Medi–Cal program is governed by the Medicaid Act, 42 U.S.C. § 1396, and funded with federal matching funds. The State plan must "provide that it shall be in effect in all political subdivisions of the State and, if administered by them, be mandatory upon them." *Id.* § 1396a(a)(1). The State plan also must

> provide such methods and procedures relating to ... the payment for, care and services available under the plan ... as may be necessary ... to assure that payments are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general population in the geographic area; * * *.

*Id.* § 1396a(a)(30)(A).

Delayed payment is an inherent feature of the Medicaid statutory and regulatory framework. The State is required to pay 90% of "clean" Medicaid claims within 30 days and 99% of such claims within 90 days of receipt. *See id.* § 1396a(a)(37); 42 C.F.R. § 447.45(d)(2), (3) & (4). All other claims must be paid within 12 months of the date of receipt. *Id.*

Summary judgment in favor of the State was proper because, as the district court found, the Dowling Medicaid class presented no evidence showing that the California budget impasse had led to a violation of § 1396a(a)(37). Given that the federal statute and applicable regulations impose explicit time requirements, the district court correctly declined to interpret other regulatory provisions to apply a stricter standard to the State's budgetary processes than that imposed by § 1396a(a)(37).

Having concluded that the State had complied with all time constraints of § 1396a(a)(37), the district court properly entered judgment vacating the preliminary injunction and granting summary judgment in favor of the State. Although the district

court's July 28, 1992 order also denied Dowling's motion for summary judgment, it effectively grants all the relief sought by the Dowling Medicaid class. It does so by ensuring that Medi–Cal payments will be made in accordance with § 1396a(a)(37). So long as the State continues to meet these timelines, federal law is not violated.

### III.

■ The district court also correctly held that there is no protected property interest in IHSS benefits under federal law, and any protected interest under state law is dependent upon the California legislature's enactment of a budget appropriating public monies for the IHSS program.

The IHSS program is governed by Cal. Welf. & Inst.Code § 12300, although it is partially funded through federal block grants, under Title XX, 42 U.S.C. § 1397. Title XX provides in relevant part:

For the purposes of consolidating Federal assistance to States for social services into a single grant, *increasing State flexibility* in using social service grants, and encouraging each State, *as far as practicable under the conditions of the State,* to furnish services directed at the goals of—

\* \* \* \* \* \*

(4) preventing or reducing inappropriate institutional care by providing for community-based care, home-based care, or other forms of less intensive care;

\* \* \* \* \* \*

there are authorized to be appropriated for each fiscal year such sums as may be necessary to carry out the purposes of this subchapter.

42 U.S.C. § 1397(4) (emphasis added).

■ This statutory language expresses the goals of the federal block grant program; it does not, as the Dowling IHSS class apparently contends, set forth specific State requirements. Because § 1397 and the implementing regulations impose neither specific standards nor time constraints upon the State, the district court correctly determined that the State's budget lapse and attendant inability to pay IHSS providers and recipients does not violate federal law. No relief could be afforded the Dowling IHSS class members inasmuch as their IHSS claims have no federal origin other than a block grant without designation of the IHSS program. This being so, the failure of California to adopt a budget incorporating IHSS funds is fatal to the IHSS claims asserted by the Dowling class.

■ Nor does California law vest IHSS recipients with a right to continued IHSS benefits during periods of budget lapses. As stated in relevant part by section 12300 of the California Welfare and Institutions Code:

The purpose of this article is to provide in every county in a manner consistent with this chapter *and the annual Budget Act* those supportive services identified in this section to aged, blind, or disabled persons, as defined under this chapter, who are unable to perform the services themselves and who cannot safely remain in their homes or abodes of their own choosing unless these services are provided.

§ 12300 (emphasis added). When there is no appropriation for the IHSS program in the annual state budget, the IHSS program effectively ceases to exist. For this reason, the district court correctly determined that California law does not give IHSS recipients a property interest in continued funding of the IHSS program in the next fiscal year. Accordingly, the district court properly rejected the Service Employees' argument that IHSS recipients are entitled to individual advance notice whenever the IHSS program is suspended pending enactment of a new Budget Act.

### IV.

We have independently and carefully reviewed the record and the district court's reasoning and analysis. Judge Levi's thoughtful and well-reasoned opinion not only satisfies our review under the relevant standards, but convinces us that his analysis is not one upon which we can improve. Accordingly, we will affirm the district court's judgment of July 28, 1992, substantially for

the reasons given by Judge Levi in *Dowling v. Davis*, 840 F.Supp. 731 (E.D.Cal.1992).

AFFIRMED.